UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRENCE HILL,

       Plaintiff,                      CIVIL ACTION NO. 05 CV 70621 DT

       v.                               DISTRICT JUDGE VICTORIA A. ROBERTS

JO ANNE B. BARNHART,            MAGISTRATE JUDGE VIRGINIA M. MORGAN
COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

### I. Introduction

This Social Security disability case comes before the court on the Commissioner's motion for summary judgment. For the reasons stated herein, the court recommends that the Commissioner's motion be granted.

### II. Background

Plaintiff filed an application for Social Security Disability Insurance Benefits (DIB) on October 2, 2002, claiming that he was disabled as a result of chest problems, with a disability onset date of July 20, 2002. (Tr. 42, 60) Plaintiff was 34 years of age when he filed the application. The Social Security Administration (SSA) denied the claim on February 28, 2002. (Tr. 27-31) Plaintiff then requested a hearing before an administrative law judge (ALJ). (Tr. 32)

The hearing was held on May 24, 2004 before ALJ Larry Meuwissen. (Tr. 322-67) On September 22, 2004, the ALJ issued a decision denying plaintiff's claim. (Tr. 13-23) The ALJ determined that plaintiff had sarcoidosis and hypertension and that his impairment were "severe" within the meaning of 20 C.F.R. § 404.1520, but that he did not have an impairment or combination of impairments that met or equaled any impairment listed in Appendix 1, Subpart P of the Social Security Regulations. Id. Based on the testimony of a vocational expert (VE), the ALJ concluded that plaintiff retained the capacity to perform a significant range of sedentary work in spite of his physical limitations.[1] Accordingly, the ALJ found that plaintiff was not "disabled" within the meaning of the Social Security Act. (Tr. 24)

Following the ALJ's denial of his application, plaintiff filed a request for review of the ALJ's decision with the SSA's Appeals Council. (Tr. 10-11) The Appeals Council denied the request on December 27, 2004. (Tr. 5-8) The ALJ's decision thus became the final decision of the Commissioner. On March, 4, 2005, plaintiff filed suit for review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g). As noted above, the matter comes before the court on the Commissioner's motion for summary judgment. The Commissioner contends in her motion that the ALJ's decision is supported by substantial evidence and should thus be affirmed.

---

[1]"Sedentary work" is defined in 20 C.F.R. § 404.1567(a) as follows:
> Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting of carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

Plaintiff did not file a motion for summary judgment.  However, he filed a letter in which he contends that the ALJ's decision is not supported by substantial evidence.

### III.  Legal Standards

#### A.  Disability Evaluation

A person is "disabled" within the meaning of the Social Security Act "if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 423(d)(1)(A).  Further,

> an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A).  The claimant bears of the burden of proving that he is disabled.  Foster v. Halter, 279 F.3d 348, 353 (6th Cir. 2001).

A five-step process is used to evaluate DIB claims.  20 C.F.R. § 404.1520.  As discussed in Foster, Id. at 354 (citations omitted), this process consists of the following:

> The claimant must first show that she is not engaged in substantial gainful activity.  Next the claimant must demonstrate that she has a "severe impairment."  A finding of "disabled" will be made at the third step if the claimant can then demonstrate that her impairment meets the durational requirement and "meets or equals a listed

impairment.  If the impairment does not meet or equal a listed
impairment, the fourth step requires the claimant to prove that she
is incapable of performing work that she has done in the past.
Finally, if the claimant's impairment is so severe as to preclude the
performance of past work, then other factors, including age,
education, past work experience, and residual functional capacity
must be considered to determine if other work can be performed.
The burden shifts to the Commissioner at this fifth step to establish
the claimant's ability to do other work.

### B.  Standard of Review

Plaintiff seeks review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g), which provides, in part:

> Any individual, after any final decision of the Commissioner of
> Social Security made after a hearing to which he was a party,
> irrespective of the amount in controversy, may obtain a review of
> such decision by a civil action commenced within sixty days after
> the mailing to him of notice of such decision or within such further
> time as the Commissioner of Social Security may allow.

Judicial review under § 405(g) is limited to a determination of whether the ALJ's findings are supported by substantial evidence and whether the ALJ applied the proper legal standards. Brainard v. Secretary of HHS, 889 F.2d 679, 681 (6th Cir. 1989); Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997).  The Sixth Circuit stated in Brainard, 889 F.3d at 681, that "[s]ubstantial evidence is more than a mere scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Further, "the decision of an ALJ is not subject to reversal, even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." Key, 109 F.3d at 273.

### IV.  Analysis

The ALJ rendered findings favorable to plaintiff at the first four steps of the disability determination process.  Presumably, plaintiff has no objections to those findings.  Accordingly, the court will focus its attention on the ALJ's step-five determination that plaintiff is capable of performing a significant range of sedentary work notwithstanding his impairments.

The ALJ determined that plaintiff had the following residual functional capacity (RFC):

> [C]laimant can perform sedentary exertional work activity with a maximum lifting/carrying of five pounds and occasionally up to ten pounds.  Claimant cannot climb stairs, ropes, ladders, or scaffolds.  He should avoid exposure to temperature extremes such as cold air and should not work around machinery or unprotected heights.

(Tr. 22)  At the hearing the ALJ incorporated these limitations in a hypothetical question he posed to the VE regarding plaintiff's ability to engage in substantial gainful activity, adding the further restriction that plaintiff could stand and walk a total of no more than one hour out of an eight-hour workday.  (Tr. 360)  In response to the hypothetical, the VE testified that a person with such limitations could work as an inspector, assembler, surveillance monitor, order clerk, or as an administrative support person, and that there were over 17,000 such jobs in the regional economy, which the VE described as the lower two-thirds of the lower peninsula of Michigan.  (Tr. 360-620)

Where an ALJ poses a hypothetical question to a VE that fully and accurately incorporates a claimant's physical and mental limitations, and the VE testifies that a person with such limitations is capable of performing a significant number of jobs in the regional economy,

such testimony is sufficient to support a finding that the claimant is not disabled. <u>Varley v. Secretary of Health and Human Services</u>, 820 F.2d 777, 779 (6th Cir. 1987). Conversely, where the hypothetical does not paint an accurate picture of the claimant's limitations, the VE's testimony cannot support such a finding. Thus, the question before the court is whether the hypothetical on which the ALJ relied in rendering his decision accurately incorporated all of plaintiff's physical limitations.[2]

The ALJ based his RFC determination largely upon the work restrictions given by Dr. Alan Atkinson, one of plaintiff's treating physicians. Dr. Atkinson indicated in a series of memos drafted in early 2004 that plaintiff had "work restrictions due to sarcoidosis" and that as a result of his condition, he could not lift more than five pounds, that he could not work in cold air, that he could not climb any stairs, and that he was unable to stand for more than five minutes at a time. (Tr. 238) With the exception of the standing limitation, the ALJ incorporated each of these limitations into his RFC determination and into the hypothetical he posed to the VE. Further, in a physical RFC form dated February 25, 2003, Dr. Russell Holmes, a state disability determination services consulting physician, indicated, among other things, that plaintiff could frequently lift up to 10 pounds and occasionally lift up to 20 pounds, that he could stand and/or walk for six hours in an eight-hour workday, that he could sit for six hours out of an eight-hour workday, that he could occasionally climb and crouch, and that he could frequently balance, stoop, kneel, and crawl. (Tr. 212-19) The ALJ's RFC determination is consistent with the findings of Dr. Atkinson and Dr. Holmes.

---

[2]Plaintiff does not claim to have any disabling mental impairments.

In contrast to the evidence discussed above, Dr. Mona Anand, another of plaintiff's treating physicians, stated in a note dated January 14, 2003, that "Mr. Hill is suffering from sarcoidosis [that] is active and symptomatic. Advised to be off work until further [illegible]." (Tr. 223) Further, Dr. Anand stated in a noted dated June 5, 2003 that "Mr. Hill is suffering pulmonary sarcoidosis. He has symptoms of tachycardia and chest pains. He is under the care of a pulmonologist. He is unable to work because of current symptoms from his disease." (Tr. 220) The ALJ rejected Dr. Anand's opinion based upon Dr. Atkinson's determination that plaintiff was capable of working with restrictions and upon the fact that Dr. Anand had indicated in a report dated November 4, 2002 that plaintiff was under treatment and was improving. (Tr. 20) The ALJ acted well within his discretion in giving more credence to Dr. Atkinson's opinion over that of Dr. Anand. Under the "treating physician rule," the opinion of a treating physician is generally entitled to greater weight than that of a non-treating physician, and may be entitled to controlling weight under certain circumstances. See, e.g., Walters v. Commissioner of Social Sec., 127 F.3d 525, 529-30 (6th Cir. 1997); see also 20 C.F.R. § 404.1527(d)(2). However, the treating physician rule is not applicable in this matter. The ALJ was faced with conflicting opinions given by two treating physicians, and neither opinion was particularly well supported by any objective clinical findings. Under such circumstances, the court cannot say that the ALJ erred in choosing to give more weight to one than the other. In any event, there is substantial evidence in the record to support the ALJ's decision to give greater weight to Dr. Atkinson's opinion. As the ALJ noted, Dr. Anand herself stated in a form dated November 2, 2002, that plaintiff's condition was improving and that it was remediable by treatment. Further, Dr.

Atkinson, unlike Dr. Anand, is a pulmonary specialist. As provided in 20 C.F.R. § 404.1527(d)(5), it is appropriate "to give more weight to the opinion of a specialist about medical issues related to his her area of specialty than to the opinion of a source who is not a specialist." In addition, Dr. Atkinson's conclusion that plaintiff is capable of working with restrictions is consistent with Dr. Holmes' similar conclusion, while no other physician opined that plaintiff was incapable of working. Accordingly, the ALJ was not bound by Dr. Anand's opinion and did not err in rejecting that opinion.

As indicated above, had the ALJ determined that plaintiff's testimony was credible, a finding that he was disabled would have been warranted. Plaintiff testified, among other things, that he was plagued by constant fatigue, that he could stand or sit for no more than 15 minutes at a time before he would need to lie down, that he needed to lie down throughout the day due to pain and fatigue, and that he was incapable of performing almost all routine household activities as a result of his physical condition. (Tr. 327-45) The ALJ found that plaintiff's testimony was less than fully credible for the following reasons:

> The undersigned finds that the claimant's allegations regarding his limitations are not totally credible. The claimant testified that he has to lie down everyday in 20 minute intervals and, in fact, has to lie down every 15 minutes after getting up in the morning. The undersigned does not find these allegations to be very credible and it appears as though he has exaggerated his symptoms and limitations. There is no indication in the medical evidence of record that the claimant has fatigue that extent and nowhere did he mention this to any of his physicians. He cares for his two-year-old daughter which can be quite demanding. There is no evidence of any sleep disturbance and he had normal respiratory function

>         tests.  The claimant did not appear to be fatigued at the hearing and
>         rose easily from his chair and was able to walk briskly.

(Tr. 19)

"An ALJ's findings based upon the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." Walters, supra, 127 F.3d at 531. The reasons stated by the ALJ for discounting plaintiff's credibility are supported by the record and constitute a substantial basis for that credibility determination. In addition to the reasons stated by the ALJ, the court notes that Dr. Holmes indicated in his RFC report that plaintiff's statements regarding his limitations and restrictions "are not consistent [with] the clinical findings." (Tr. 217) The court finds no basis in the record to disturb the ALJ's credibility determination.

Based on the foregoing, the court finds that there is substantial evidence in the record to the support the ALJ's decision. Both Dr. Atkinson and Dr. Holmes determined that plaintiff was capable of working with restrictions notwithstanding his pulmonary impairment, and the ALJ included in his RFC determination and the hypothetical he posed to the VE limitations consistent with the findings of these physicians. Aside of Dr. Anand, whose opinion the ALJ properly rejected, no other physician opined that plaintiff was incapable of working. Further, while plaintiff testified that he could not work, the ALJ properly found that his testimony was less than fully credible. The ALJ reasonably resolved the conflicts in the evidence regarding the extent of plaintiff's limitations and formed a hypothetical that fairly accommodated those limitations.

Accordingly, the VE's testimony in response to the hypothetical constitutes substantial evidence in support of the ALJ's decision. Varley, supra, 820 F.2d at 779.

### V. Conclusion

For the reasons stated above, the court recommends that the Commissioner's motion for summary judgment be **GRANTED** and that plaintiff's complaint be **DISMISSED WITH PREJUDICE**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length

unless, by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.

                 s/Virginia M. Morgan
                 VIRGINIA M. MORGAN
Dated:  August 2, 2005         UNITED STATES MAGISTRATE JUDGE

---

**Proof of Service**

The undersigned certifies that a copy of the foregoing report and recommendation was served on the parties and attorneys of record by electronic means or U.S. Mail on August 2, 2005.

                 s/Jennifer Hernandez
                 Case Manager to
                 Magistrate Judge Morgan